McRae *et al.* v. The Bank of Columbus—McRae *et al.* v. The Insurance Bank of Columbus.

1. The record contained a judgment by confession, certified by the clerk of the county court; but did not show the nature of the proceeding, and in what court it was had—Held, that the record was too imperfect to enable an appellate court to proceed understandingly, upon the assignment of errors; and the case will be dismissed, unless the plaintiff will undertake to perfect the record by a *certiorari*.

2. A letter stating that a judgment was affirmed at a previous term of the supreme court, does not authorize the dismissal of a writ of error subsequently sued out, or proceedings against the clerk of the inferior court, for issuing the writ.

3. Where a writ of error issues after a judgment of affirmance, the defendant's counsel may take a rule upon the plaintiff to show cause why the same should not be dismissed.

4. A writ of error sued out after an affirmance, though the plaintiff in error enters into bond with sureties, is a nullity; and the plaintiff is entitled to an execution upon his judgment, while the same is pending.

THE records submitted to us in these cases contain the entry of a judgment by confession in each, and are in all respects pre-

cisely similar, except as to their respective sums, and the name of plaintiff. They are as follows: "And now at this day, came said parties; and said defendants confessed all the allegations in said suggestion contained, and that said money in said suggestion mentioned, could have been made as in said suggestion is alledged, and said defendants confessed judgment in favor of said plaintiff, for the sum," &c. Then follows a certificate in these words: "I, Samuel N. Brown, clerk of the county court of Barbour, do hereby certify that the above and foregoing, is a true and correct transcript of all the proceedings in the above cause, remaining in my office. Given under my hand and private seal, (having no seal of office) this 29th day of May, 1840.

SAMUEL N. BROWN, [L. s.]"

J. D. PHELAN, for the plaintiff.
PECK, for the defendant.

COLLIER, C. J.—It is clear that these papers though certified to be "correct transcripts of all the proceedings" in these causes remaining in the county court of Barbour, are too imperfect, to enable this court to act understandingly. The nature of the proceeding below, and the court in which it was had, do not appear by any thing before us, but is left to be intended. If there is no suggestion remaining of record in the county court, there is enough there to inform us at what term of the court the proceeding was had.

The plaintiffs in error, if they think proper, can take writs of *certiorari*, to perfect the records, otherwise the cases will be dismissed.

The counsel for the defendant in error has laid before us a letter from a respectable source, stating the judgments in these cases were affirmed on certificates at the last term of this court, and has moved to dismiss them, and has suggested to us the propriety of vindicating the authority of the court, by punishing the clerk of the county court for issuing writs of error, after being advised of the judgments of affirmance. If the proper evidence was before us, we could make such orders, as justice and the laws

require: but we cannot take the letter as the basis, for a proceeding against the clerk, however reprehensible his conduct may be.

If the defendant's counsel desire it, an order will be made upon the plaintiffs, to show cause why the writs of error in these cases should not be dismissed, on the ground that the judgments were affirmed at the last term. We have but little doubt, but the suggestion on which the motion to dismiss is made, is founded in truth; yet it would, in general, be hazardous to take such a step, until the opposite party had an opportunity of being heard. This course of proceeding can subject the defendants to but little inconvenience; for, if the judgments have been affirmed, the writs of error now pending are mere nullities; and the clerk may be compelled to issue executions, as if they had never been sued out.

That the clerk of the county court of Barbour, may be advised of his duty in the premises, the clerk of this court, will transmit to him a copy of this opinion.